UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BEATA MARIANA DE JESUS MEJIA-MEJIA, <br><br> Plaintiff, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., <br><br> Defendants. | Civil Action No. 18-1445 (PLF) |
| CLAUDIA ARELY MOLINA DE RAMIREZ, <br><br> Plaintiff, <br><br> v. <br><br> JEFFERSON BEAUREGARD SESSIONS, III, in his official capacity as Attorney General of the United States, et al., <br><br> Defendants. | Civil Action No. 18-1516 (PLF) |
| NORMA AMABILIA LOPEZ-SALES, <br><br> Plaintiff, <br><br> v. <br><br> JEFFERSON BEAUREGARD SESSIONS, III, in his official capacity as Attorney General of the United States, et al., <br><br> Defendants. | Civil Action No. 18-1700 (PLF) |

ORDER

The Court currently has before it three related cases that have been filed by the law firm of McFadden & Shoreman, LLC: Civil Action No. 18-1445, Mejia-Mejia v. ICE; Civil Action No. 18-1516, Ramirez v. Sessions; and Civil Action No. 18-1700, Lopez-Sales v. Sessions. In each of these cases, the same Georgia attorney, Mario B. Williams, was granted leave to appear pro hac vice. Civil Action No. 18-1445 was randomly assigned to the undersigned in the ordinary course. Civil Action Nos. 18-1516 and 18-1700 were transferred to the undersigned by other judges of this Court as related cases. In neither of these latter cases did plaintiffs' counsel identify them as related cases under Local Civil Rule 40.5. The Court issues this Order to remind counsel of their obligations under the Court's Local Rules.

Local Civil Rule 40.5(a)(3) provides that civil cases are related when they involve "common issues of fact" or "grow out of the same event or transaction." Local Civil Rule 40.5 provides an exception to the random assignment system and is based on the need for judicial economy. As Judge Lamberth has explained: "It will often prove wasteful of time and resources for two judges to be handling cases that are so related that they involve common factual issues or grow out of the same event or transaction." See Tripp v. Exec. Office of President, 196 F.R.D. 201, 202 (D.D.C. 2000).

Recently, in Singh v. McConville, 187 F. Supp. 3d 152 (D.D.C. 2016), Chief Judge Howell held that related case status was appropriate because the court would "be required to make similar factual determinations in both cases related to the defendants' process for issuing religious accommodations, the defendants' justifications for their regulations and policies, and the defendants' discriminatory conduct and/or intent, if any." See id. at 156. In addition, both cases sought essentially the same relief, including a permanent injunction. See id. at 157. See

also Autumn Journey Hospice, Inc. v. Sebelius, 753 F. Supp. 2d 135, 140 (D.D.C. 2010) (Urbina, J.); Assiniboine & Sioux Tribe of Fort Peck Indian Reservation v. Norton, 211 F. Supp. 2d 157, 158 (D.D.C. 2002) (Lamberth, J.).

      Henceforth, if counsel file any additional cases in this Court, they are required to read and follow the Local Rules.  They may decline to designate cases as related only if they believe in good faith, consistent with their professional responsibilities as officers of the Court, that the cases are genuinely not related.

      SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  August 7, 2018

3